```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
 THE CENTRAL ORTHOPEDIC GROUP,           :
 LLP,                                    :
                                         :
                    Plaintiff,           :   **MEMORANDUM DECISION AND**
                                         :   **ORDER**
         -against-                       :
                                         :   24-cv-7174 (BMC)
                                         :
 AETNA LIFE INSURANCE COMPANY,           :
                                         :
                    Defendant.           :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This is one of eight related cases that plaintiff, a healthcare provider, has brought against defendant Aetna Life Insurance Company or its affiliates.[1] In this action, plaintiff seeks payment for services rendered to eight patients covered under insurance plans sponsored by Aetna through MTA New York City Transit, resulting in 28 claims for payment. At issue are two unique plans: MTA's Medicare Advantage plan, in which two patients were enrolled, and MTA's non-ERISA plan, in which the remaining six patients were enrolled. The patients assigned their rights to receive payment from Aetna to plaintiff and plaintiff is therefore pursuing those claims. Based

---

[1] Plaintiff originally brought all of its claims in a single case. But the number of disparate policies at issue, the nature of the claims, and Aetna's different defenses to the claims depending on the policies under which they were asserted made the case unmanageable. The Court therefore directed the parties to confer and reach agreement on how to separate the claims, and for plaintiff to commence separate cases, grouping its claims based on the nature of the policies and the legal issues raised.

The parties did so, and plaintiff refiled nine separate actions (one has since been voluntarily dismissed). But plaintiff did a poor job of conforming the separate complaints to the particular claims at issue. The separate complaints repeated what had become inapplicable allegations from the original consolidated complaint, and none of them set forth the jurisdictional basis for the complaint, in violation of Fed. R. Civ. P. 8(a), even though the jurisdictional predicate differed between cases. Nevertheless, in the course of the motion practice on defendant's motions to dismiss, the Court and the parties have been able to cull those claims from the complaints that are particular to the group of policies that pertain to each action.

Here, although the complaint fails to comply with the requirement in Fed. R. Civ. P. 8(a)(1) mandating "a short and plain statement of the grounds for the court's jurisdiction," since the complaint contains Medicare Act, ERISA, and state law claims, the Court will assume that plaintiff is invoking federal question jurisdiction as to the Medicare Act and ERISA claims, and supplemental jurisdiction as to the state law claims.

on these failure to pay allegations, plaintiff brings claims for breach of contract in violation of the Medicare Act, breach of contract in violation of ERISA, and state law claims for breach of implied-in-fact contract, unjust enrichment, promissory estoppel, and a declaratory judgment that the parties do not have a valid participating provider agreement.

I. **Medicare Advantage Plan**

As for plaintiff's claims based on the patients covered by MTA's Medicare Advantage plan, the claims in this case are nearly identical to the claims brought in one of the related cases, The Central Orthopedic Group, LLP v. Aetna Life Insurance Company, No. 24-cv-7173, 2025 WL 2614971 (E.D.N.Y. Sept. 10, 2025) (the "7173 case"). In the 7173 case, I found that all of plaintiff's state law claims (which are identical to the ones brought here) were preempted by the Medicare Act, and that plaintiff's claim under ERISA had no applicability to the Medicare Advantage plans at issue in the case. Id. at *1. I also found that plaintiff had failed to adequately allege exhaustion as required under the Medicare Act, such that judicial review was unavailable to plaintiff based on the allegations included in its complaint. Id. at *3-4; see also Heckler v. Ringer, 466 U.S. 602, 605 (1984). I granted plaintiff 20 days to file an amended complaint to address this inadequacy.

The only differences between this case and the 7173 case, as to plaintiff's claims arising from patients covered by Medicare Advantage, are that the policies at issue in the two cases are offered by different sponsors and they have different out-of-network benefits available.

These differences, however, are immaterial to the reasons why this Court found that plaintiff's ERISA claim failed to state a claim, its state law claims were preempted, and its allegations in support of its Medicare Act claim were inadequate to allow for judicial review. Accordingly, regarding plaintiff's claims as to those patients covered by Medicare Advantage,

the analysis set forth in the 7173 case is adopted herein by reference, and plaintiff shall have 20 days from the docketing of this decision to file an amended complaint; failing which plaintiff's claims related to the Medicare Advantage plan will be dismissed.

## II. Non-ERISA Plan

As for the non-ERISA plan at issue in this case, neither plaintiff's Medicare Act nor ERISA claims can survive. The non-ERISA plan is surely not covered by ERISA, and plaintiff has not alleged anywhere that the non-ERISA plan is a Medicare plan.

This leaves plaintiff's state law claims. However, given that neither the Medicare Act nor ERISA applies to the non-ERISA plan, they also do not provide a basis for federal jurisdiction over claims based on this plan. See, e.g., Rand v. Equitable Life Assur. Soc. of U.S., 49 F. Supp. 2d 111, 118 (E.D.N.Y. 1999). Moreover, plaintiff fails to allege any other basis for invoking federal jurisdiction over these state law claims.

Considering the application of diversity jurisdiction, plaintiff asserts that Aetna is incorporated in Connecticut and has its principal place of business there. As for plaintiff's domicile, it states that it "duly exist[s] under the laws of the State of New York" with a principal place of business in New York. The issue with this statement is that "allegations concerning the state of incorporation and location of [an LLP's principal place of business] are insufficient to establish its citizenship for the purposes of diversity jurisdiction." Greene v. Northwell Health Inc., No. 23-cv-4846, 2024 WL 4287875, at *19 n.25 (E.D.N.Y. Sept. 25, 2024). Rather, "an LLP is treated as a citizen of every state of which its partners are citizens." Id. (quoting Roche Cyrulnik Freedman LLP v. Cyrulnik, 582 F. Supp. 3d 180, 187 (S.D.N.Y. 2022)). Because plaintiff has not alleged the identity and citizenship of all of its partners and that not a single partner is a citizen of Connecticut, plaintiff has not alleged that its citizenship is diverse from the

citizenship of defendant, as is required for asserting diversity jurisdiction. See <u>Kenshoo, Inc. v. Aragon Advert., LLC</u>, 586 F. Supp. 3d 177 (E.D.N.Y. 2022)

      In addition to having 20 days from the docketing of this decision to file an amended complaint to address the deficiencies as to plaintiff's claims related to the Medicare Advantage plan, plaintiff may also amend its complaint to address the lack of federal jurisdiction over its claims related to the non-ERISA plan. If plaintiff fails to file such an amended complaint within 20 days, its claims related to the non-ERISA plan will be dismissed.

**SO ORDERED.**

                                         */s/ Brian M. Cogan*
                                                    U.S.D.J.

Dated: Brooklyn, New York
       September 14, 2025